NUMBER 13-09-00021-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 

 

JOHNNY RINEHART, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 


On appeal from the 28th District Court

of Nueces County, Texas.

 


 MEMORANDUM OPINION

 

Before Chief Justice Valdez and Justices Benavides and Vela


 Memorandum Opinion by Chief Justice Valdez
 Appellant, Johnny Rinehart, was charged by indictment with one count of forgery,
a state-jail felony. See Tex. Penal Code Ann. § 32.21(b), (d) (Vernon Supp. 2009). 
Pursuant to a plea agreement with the State, Rinehart pleaded guilty to the offense. The
trial court: (1) accepted Rinehart's plea; (2) sentenced Rinehart to two years' confinement;
(3) suspended the sentence; (4) placed Rinehart on probation for five years; and (5)
imposed a $200 fine, $700 in restitution, and $368 in court costs.

 On December 15, 2006, the State filed its first motion to revoke, alleging that
Rinehart had committed the offense of driving while intoxicated and failed to pay the court-ordered fine, restitution, court costs, and monthly supervision fee, all of which were
violations of his probation. At the hearing on the State's first motion to revoke, Rinehart
pleaded "true" to the allegations contained in the State's motion to revoke. The trial court
accepted Rinehart's plea, extended his probationary period by eighteen months and
ordered him to serve twenty-five days in the Nueces County jail and submit to a TAIP
evaluation. (1)

 On July 10, 2007, the State filed a second motion to revoke, alleging that Rinehart
had failed to: (1) report to his probation officer; (2) remain within Nueces County, Texas;
and (3) report any change in his residence, job, or job status. Rinehart pleaded "true" to
the allegations contained in the State's second motion to revoke. The trial court accepted
Rinehart's plea, revoked his probation, reinstated and modified his two-year sentence, and
sentenced him to six months incarceration in the State Jail Division of the Texas
Department of Criminal Justice with no fine. This appeal ensued.

 Rinehart's appellate counsel, concluding that the appeal in this cause is "frivolous
and without merit," filed an Anders brief, in which he reviewed the merits, or lack thereof,
of the appeal. We affirm. 

I. Anders Brief

 Pursuant to Anders v. California, 386 U.S. 738, 744 (1967), Rinehart's
court-appointed appellate counsel has filed a brief with this Court, stating that his review
of the record yielded no grounds of error upon which an appeal can be predicated. 
Although counsel's brief does not advance any arguable grounds of error, it does present
a professional evaluation of the record demonstrating why there are no arguable grounds
to be advanced on appeal. See In re Schulman, 252 S.W.3d 403, 407 n.9 (Tex. Crim.
App. 2008) ("In Texas, an Anders brief need not specifically advance 'arguable' points of
error if counsel finds none, but it must provide record references to the facts and
procedural history and set out pertinent legal authorities.") (citing Hawkins v. State, 112
S.W.3d 340, 343-44 (Tex. App.-Corpus Christi 2003, no pet.)); Stafford v. State, 813
S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991). 

 In compliance with High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.]
1978), Rinehart's counsel has carefully discussed why, under controlling authority, there
are no errors in the trial court's judgment. Counsel has informed this Court that he has: 
(1) examined the record and found no arguable grounds to advance on appeal, (2) served
a copy of the brief and counsel's motion to withdraw on Rinehart, and (3) informed
Rinehart of his right to review the record and to file a pro se response. (2) See Anders, 386
U.S. at 744; Stafford, 813 S.W.2d at 510 n.3; see also In re Schulman, 252 S.W.3d at 409
n.23. More than an adequate period of time has passed, and Rinehart has not filed a pro
se response. See In re Schulman, 252 S.W.3d at 409.

II. Independent Review

 Upon receiving an Anders brief, we must conduct a full examination of all the
proceedings to determine whether the case is wholly frivolous. Penson v. Ohio, 488 U.S.
75, 80 (1988). We have reviewed the entire record and counsel's brief and have found
nothing that would arguably support an appeal. See Bledsoe v. State, 178 S.W.3d 824,
826-28 (Tex. Crim. App. 2005) ("Due to the nature of Anders briefs, by indicating in the
opinion that it considered the issues raised in the briefs and reviewed the record for
reversible error but found none, the court of appeals met the requirement of Texas Rule
of Appellate Procedure 47.1."); Stafford, 813 S.W.2d at 509. Accordingly, we affirm the
judgment of the trial court. 

III. Motion to Withdraw

 In accordance with Anders, Rinehart's attorney has asked this Court for permission
to withdraw as counsel. See Anders, 386 U.S. at 744; see also In re Schulman, 252
S.W.3d at 408 n.17 (citing Jeffery v. State, 903 S.W.2d 776, 779-80 (Tex. App.-Dallas
1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from
representing the appellant. To withdraw from representation, the appointed attorney must
file a motion to withdraw accompanied by a brief showing the appellate court that the
appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw. Within
five days of the date of this Court's opinion, counsel is ordered to send a copy of the
opinion and judgment to Rinehart and advise him of his right to file a petition for
discretionary review. (3) See Tex. R. App. P. 48.4; see also In re Schulman, 252 S.W.3d at
412 n.35; Ex parte Owens, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006). 

 ________________________

 ROGELIO VALDEZ

 Chief Justice

 

Do not publish. 

Tex. R. App. P. 47.2(b)

Delivered and filed the 

15th day of April, 2010. 
1. "TAIP" is identified on the Texas Department of Criminal Justice website as the "Treatment
Alternative to Incarceration Program (CJAD)." See Tex. Dep't of Criminal Justice: Definitions & Acronyms,
http://www.tdcj.state.tx.us/definitions/definitions-acronyms.htm (last visited Mar. 23, 2010).

2. The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the
rules of appellate procedure in order to be considered. Rather, the response should identify for the court
those issues which the indigent appellant believes the court should consider in deciding whether the case
presents any meritorious issues." In re Schulman, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting
Wilson v. State, 955 S.W.2d 693, 696-97 (Tex. App.-Waco 1997, no pet.)).
3. No substitute counsel will be appointed. Should Rinehart wish to seek further review of this case
by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary
review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within
thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this
Court. See Tex. R. App. P. 68.2. Any petition for discretionary review must be filed with this Court, after which
it will be forwarded to the Texas Court of Criminal Appeals. See Tex. R. App. P. 68.3; 68.7. Any petition for
discretionary review should comply with the requirements of rule 68.4 of the Texas Rules of Appellate
Procedure. See Tex. R. App. P. 68.4.